IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2022

## CORRY MERRIWEATHER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 18-03466      John Wheeler Campbell, Judge**
_____

### No. W2021-01002-CCA-R3-PC
_____

Pro se Petitioner, Corry Merriweather, appeals the summary dismissal of his second petition seeking post-conviction relief from his conviction of second-degree murder. On appeal, the Petitioner argues the post-conviction court erred by dismissing his petition without conducting an evidentiary hearing. Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Corry Merriweather, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record on appeal is scant, and we glean the facts giving rise to the Petitioner's second-degree murder conviction from this Court's opinion on direct appeal of the summary denial of the Petitioner's motion for reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35. See State v. Corry Merriweather, No. W2020-00313-CCA-R3-CD (Tenn. Crim. App. Dec. 11, 2020).[1]

---

[1] This matter was disposed of pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, and, for reasons unknown, it was not included for citation in the Westlaw database at the time this opinion was written.

On June 21, 2018, the [Petitioner] was indicted by a Shelby County grand jury for one count of first[-]degree premeditated murder for the death of Candra Mays. On September 11, 2019, the [Petitioner] pled guilty to the lesser-included offense of second[-]degree murder with a Range II sentence of 35 years. Pursuant to Tennessee Code Annotated section 40-35-501(i), the [Petitioner] is required to serve 100% of his sentence. The judgment of conviction was filed by the trial court clerk on September 11, 2019.

On January 22, 2020, the [Petitioner] filed a Motion for Correction or Reduction of Sentence, citing Tennessee Rule of Criminal Procedure 35. In his motion, [the Petitioner] asserted that he believes that he is deserving of a modification or suspension of his sentence because he "does not have any felonies other than a Domestic Violence[,] which was dismissed. The [Petitioner] asserted that on the day of the incident, he called 911 and was found performing CPR on the gun-shot victim, who was his girlfriend. Although the [Petitioner] characterizes the shooting of the victim as a "horrible accident from a domestic dispute," he acknowledged that her death was his fault and expressed remorse that he caused the death of "his only love." The [Petitioner] asserted that he wanted to "serve the community" and that he was willing to make "a considerable amount of restitution" to the victim's family. The [Petitioner] requested that his sentence either be reduced or partially suspended.

On January 27, 2020, the trial court entered an order denying the [Petitioner's] motion without a hearing. The trial court found that the [Petitioner's] sentence was the result of plea negotiations between his counsel and the State. The State had agreed to reduce the offense from first degree murder to second degree murder in exchange for the [Petitioner], who was a Range I offender, pleading to a Range II sentence of 35 years. The trial court stated that it was "not going to violate the agreement and reduce the agreed to[] sentence."

Id. at 1-2.

The Petitioner filed an untimely notice of appeal of the summary denial arguing, inter alia, that his due process rights were violated by the trial court's failure to conduct an evidentiary hearing, that his guilty plea was involuntary, and that he received ineffective assistance of counsel because his trial counsel "coerced" him into taking the plea. Id. at 2. The State moved to dismiss the Petitioner's appeal as untimely and without merit, and said motion was granted by this Court in accordance with Rule 20 of the Tennessee Court of Criminal Appeals. Id. at 3-4.

On May 18, 2021, the Petitioner, acting pro se, filed a document entitled "Petition for Post-Conviction Relief, and Motion to Withdraw Involuntary Guilty Plea[,] And Motion Vacating and Set Aside Sentence." The Petitioner alleged that he received ineffective assistance of counsel on various grounds which resulted in the entry of an involuntary guilty plea. By written order on May 21, 2021, the post-conviction court noted the Petitioner filed "a Petition for Delayed Appeal in this Court," but interpreted the filing to be a petition seeking post-conviction relief. The post-conviction court dismissed the petition reasoning (1) the petition was filed more than one year after the final judgment, and (2) the Petitioner failed to state any grounds which would warrant the tolling of the statute of limitations. See Tenn. Code Ann. § 40-30-102(a)-(b). The Petitioner did not appeal.

Instead, almost two months later, on July 8, 2021,[2] the Petitioner filed another pro se petition, self-entitled "Successive Petition [For] Post-Conviction Relief," seeking the appointment of counsel and an evidentiary hearing to obtain "an Order tolling the timer so as to permit the 're-filing' of his original petition for post-conviction relief." In support of his petition, the Petitioner claimed he submitted his original petition for post-conviction relief to the prison mail room staff at Trousdale-Turner Correctional Center on September 9, 2020, which should "excuse the [trial] court's claim that his original petition was filed untimely." The Petitioner attached a signed affidavit from Wilma Johnson, the mail room custodian at Trousdale-Turner Correctional Center. The affidavit stated, in relevant part, as follows:

> 3. That the "Out-going Legal Mail Log" maintained by my department indicates that [the Petitioner] mailed a hand-written legal document styled "Petition For Post-Conviction Relief and Motion To Withdraw Involuntary Guilty Plea and Motion Vacating and Set Aside Sentence," on September 11, 2020, addressed to 201 Poplar Avenue, Memphis, Tennessee 38103.
>
> 4. That on April 2, 2020, Bill Lee, Governor of the State of Tennessee, "declared a state of emergency" for the state of Tennessee.
>
> 5. That normal day-to-day operations of the prison, including the prison mail room, was sharply curtailed in the name of employee health and safety.
>
> 6. That on September 14, 2020, Correctional Officer Brian Monroe, an officer assigned to the mail room at Trousdale-Tuner Correctional Center,

---

[2] The file-stamp date is illegible on the motion, and we deduce this date from the notary signature on the filing.

was relieved of his duty assignment after testing positive for Covid-19 (Corona Virus).

7. That on September 15, 2020, then Warden, Russell Washburn, issued an emergency memo calling for the decontamination of the mail room and the quarantine of the mail room contents and remaining mail room staff.

8. That on September 16, 2020, technicians from Trousdale County Department of Health tested the mail room and declared the area a "hot zone" for Covid-19.

9. That on September 16, 2020, per Warden Washburn's direction, all mail and parcels were ordered to be placed in bio-hazard containers to be turned over to the department of health for destruction.

Attached to the custodian's affidavit is a copy of a computer-generated document entitled "Mail Log History," confirming that the Petitioner had two outgoing legal documents sent to the Criminal Justice Complex at 201 Poplar, one to the criminal court clerk and the other to the district attorney general. Both outgoing legal documents were delivered to the jail mail room on September 11, 2020. On July 21, 2021, the post-conviction court summarily dismissed the second petition. The post-conviction court acknowledged the dismissal of the Petitioner's first petition as untimely and further determined that "the petitioner filed [the instant petition] claiming that he did not receive the earlier Order denying his petition until after 30 days had elapsed." The post-conviction court then denied relief reasoning that "the [P]etitioner has filed his original Petition for Post-Conviction Relief outside the statute of limitations and the Motion for Successive Petition for Post-Conviction Relief is without merit."

The Petitioner filed a notice of appeal with the appellate court clerk on August 27, 2021. A notice of appeal must be filed within thirty days of the judgment from which the appeal is taken. Tenn. R. App. P. 4(a) (Rule 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]"). Because the Petitioner's second petition was dismissed on July 21, 2021, he had until August 20, 2021, to file his notice of appeal. The notice of appeal was stamped as filed on August 27, 2021, thirty-seven days after the trial court dismissed the post-conviction petition. The certificate of service accompanying the notice of appeal shows the notice was mailed to the Shelby County clerk on August 10, 2021. See Tenn. R. Crim. P. 49 (d)(1) (Under the "mailbox rule," a motion filed by an incarcerated pro se litigant is deemed timely filed "if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing."). Accordingly, we will waive the timely filing of the notice of appeal in the interest of justice,

- 4 -

give the Petitioner the benefit of the August 10, 2021 filing date, and consider this appeal properly before us for review.

## ANALYSIS

On appeal, the Petitioner acknowledges generally the governing post-conviction law framework which contemplates the filing of only one petition for post-conviction relief from a single judgment, and that if a petition has been resolved on its merits, any subsequent petition must be summarily dismissed. However, based on his understanding of the law, the Petitioner claims his original petition was not resolved on the merits; therefore, his second petition was not subject to summary dismissal. The Petitioner additionally reasons that he is entitled to due process tolling of the statute of limitations given the fact that his original petition seeking post-conviction relief was received by the jail mail room within the one-year limitation period and destroyed due to conditions beyond his control. Under these circumstances, the Petitioner argues the post-conviction court erred in summarily dismissing the second petition and denying his motion for a delayed appeal. Finally, in this posture, the Petitioner argues he has "lost his right to meaningful review of his conviction" and moves this Court to grant a delayed appeal. In response, the State contends that the instant appeal should be dismissed as untimely and that the trial court's dismissal was proper.[3] We agree with the State.

Tennessee Code Annotated section 40-30-102(a) mandates that a person in custody must petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. See id. § 40-30-106(b). However, Tennessee Code Annotated section 40-30-102(b) provides that a trial court may consider an untimely petition if: (1) the highest state appellate court or the United States Supreme Court established a new constitutional right with retrospective application; (2) new scientific evidence has established the petitioner's innocence, or (3) a court has ruled that a previous

---

[3] The State also argued that the appeal should be dismissed because the Petitioner failed to include the order at issue in the record on appeal. See Tenn. R. App. P. 24(b). However, the order was provided to this Court by the Appellate Court Clerk's Office for our review.

conviction that enhanced the petitioner's sentence was invalid.  None of these exceptions apply in this case.

Due process concerns may also, in very limited circumstances, require the tolling of the statute of limitations. Burford v. State, 845 S.W.2d 204, 209-10 (Tenn. 1992). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford, 845 S.W.2d at 208 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)).  In determining whether principles of due process should toll the statute of limitations, courts should utilize the following three-step process:

> (1) determine when the limitations period would normally have begun to run;

> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

> (3)  if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), overruled on other grounds by Nunley v. State, 552 S.W.3d 800 (Tenn. 2018).  In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," Burford, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." Sands, 903 S.W.2d at 301.

In addition, "[a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Whitehead v. State, 402 S.W.3d 615, 631 (Tenn. 2013) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). Under the first prong of the analysis, "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (quoting Whitehead, 402 S.W.3d at 631).  Regarding the second prong, our supreme court has recognized three extraordinary circumstances warranting due process tolling: (1) if petitioner is mentally incompetent, (2) if attorney misconduct prevented timely filing, or (3) when the grounds for relief arise after the point at which the limitations period would normally have begun to run." Whitehead, 402 S.W.3d at 623. The court emphasized that "'[i]n every case in which we have held the statute of limitations

is tolled, the pervasive theme is that circumstances <u>beyond a petitioner's control</u> prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations.'" <u>Whitehead</u>, 402 S.W.3d at 634 (quoting <u>Smith v. State</u>, 357 S.W.3d 322, 358 (Tenn. 2011)). Whether the statute of limitations should be tolled by principles of due process is a mixed question of law and fact reviewed de novo on appeal. <u>Id.</u> at 621.

Finally, the Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief," and states that "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-102(c). While the Act provides that a petitioner may file a successive petition if the first petition has not been resolved on the merits, the Act contemplates that the original petition was timely filed. <u>Shelley Denise Blair v. State</u>, No. M2014-02506-CCA-R3-PC, 2015 WL 9257167, at *4 (Tenn. Crim. App. Dec. 17, 2015) (noting that dismissal of pro se post-conviction petition under statute of limitations grounds was dismissal on the merits) <u>no perm. app. filed</u>. Accordingly, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period." <u>State v. Nix</u>, 40 S.W.3d 459, 464 (citing Tenn. Code Ann. § 40-30-204(e) ("The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition....")). "Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal." <u>Id.</u> (citing Tenn. Code Ann. § 40-30-206(b) ("If it plainly appears from the face of the petition, any annexed exhibits or prior proceedings in the case that the petition was not filed ... within the time set forth in the statute of limitations, ... the trial judge shall enter an order dismissing the petition.")).

In the instant case, the Petitioner entered a guilty plea to second-degree murder, and a judgment of conviction was entered on September 11, 2019. As such, the Petitioner had until September 11, 2020, to file a petition for post-conviction relief. The Petitioner's first petition was not filed until May 18, 2021, some eight months after the statute of limitations had expired. Although the Petitioner delivered a legal document, purportedly his original post-conviction petition, to the prison mail room on September 11, 2020, which was attested to with the prison mail room custodian's affidavit, the first petition filed in May was devoid of any information upon which the post-conviction court could toll the statute of limitations based on due process considerations. In other words, the Petitioner failed to include the pertinent facts concerning his original petition from September and its alleged destruction in the May petition. While we empathize with the Petitioner's predicament, the post-conviction court as well as this Court are bound by the above law requiring dismissal.

In addition, the Petitioner had the opportunity to appeal the dismissal of the first petition for post-conviction relief from May and failed to do so. <u>See, e.g.</u>, <u>Smith v. State</u>,

873 S.W.2d 5, 6 (Tenn. Crim. App. 1993) (remanding to the post-conviction court to determine whether the defendant filed his petition within the statute of limitations); Marquette Houston v. State, No. W2011-01073-CCA-R3-PC, 2012 WL 1478760, at *2-3 (Tenn. Crim. App. April 25, 2012) (reversing the lower court's summary dismissal of the petitioner's petition as time-barred after finding that the petitioner timely filed his post-conviction petition by delivering it to the appropriate prison authorities for mailing); State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995) (noting that "a petitioner's personal ignorance of post-conviction procedures … does not toll the running of the statute[] of limitations"). Almost two months after entry of the order of the post-conviction court, the Petitioner filed his second petition from July, self-entitled "successive petition for post-conviction relief," and argued within it, for the first time, that due process requires the tolling of the limitations period because he was never given an opportunity to address the timeliness of his first petition. In our view, the Petitioner had the opportunity to include within his first petition from May an explanation as to why the petition from September was untimely and failed to do so. As explained above, the Petitioner's first petition from May was considered by the post-conviction court and properly dismissed as time-barred rendering his second petition a nullity.

The Petitioner argues he is entitled to due process tolling of the statute of limitations given the fact that his original petition from September seeking post-conviction relief was received by the prison mail room within the one-year limitation period and destroyed due to conditions beyond his control. Based on these facts, we cannot conclude that the Petitioner was denied a reasonable opportunity to assert a post-conviction claim in a reasonable time or manner. See Burford, 845 S.W.2d at 208; see also Antonio Bonds v. State, No. W2010-01515-CCA-R3-PC, 2011 WL 914981, at *1 (Tenn. Crim. App. Mar. 16, 2011), perm. app. denied (July 15, 2011) (concluding the petitioner was not denied a reasonable opportunity to assert his post-conviction claim in a meaningful manner when he failed to raise his due process concern in either his first petition for post-conviction relief or on appeal from the dismissal of the first petition). Moreover, the post-conviction court was not required to conduct an evidentiary hearing before summarily dismissing the second petition when it was clear on the face of the petition for post-conviction relief that it was untimely. See Craig Robert Nunn, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App. Mar. 17, 2006). The Petitioner is not entitled to relief.

Finally, the Petitioner requests this Court to treat his second post-conviction petition as a delayed appeal from the dismissal of his first petition. However, Tennessee Code Annotated section 40-30-113, which outlines the procedure governing delayed appeals, "clearly contemplates that any grant of a delayed appeal will commence by the filing of a timely petition for post-conviction relief." State v. James Tremelle Hunt, No. M2013-01649-CCA-R3CD, 2014 WL 6682465, at *2 (Tenn. Crim. App. Nov. 26, 2014) perm. app. denied (March 12, 2015). Additionally, "the statute of limitations for post-conviction

relief applies to delayed appeals as well, because the petitioner must comply with the post-conviction procedure act to obtain a delayed appeal." Handley v. State, 889 S.W.2d 223, 224-25 (Tenn. Crim. App. 1994). Because the Petitioner did not comply with the provisions of the Post-Conviction Procedure Act in failing to timely file his petition for post-conviction relief, we are unable to conclude that he is entitled to a delayed appeal. See Stokes v. State, 146 S.W.3d 56, 59 (Tenn. 2004) (declining to "extend the right to a delayed appeal" to second-tier review of a denial of post-conviction relief); Timothy A. Baxter v. State, No. W2006-01667-CCA-R3-PC, 2007 WL 2822905, at *2 (Tenn. Crim. App. Sept 26, 2007) (dismissing the appeal on the ground that "there is no entitlement to a delayed appeal from the trial court's denial of the Petitioner's petition for post-conviction relief"). Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for post-conviction relief.

_____
CAMILLE R. MCMULLEN, JUDGE

- 9 -